IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 11-cr-00313-PAB

PEOPLE OF THE STATE OF COLORADO,

    Plaintiff,

v.

MARC HARRIS KAPLAN,

    Defendant.

---

## ORDER TO REMAND CASE TO STATE COURT

    The matter before the court is a Notice of Removal of a State Court Action to the U.S. District Court [Docket No. 1] filed by Marc Harris Kaplan, a defendant in a state criminal case. On August 12, 2011, Mr. Kaplan filed a *pro se* Notice of Removal with this Court.

    According to the documents that the defendant filed along with his Notice of Removal, the defendant is scheduled for trial on August 16, 2011 in Case No. 2011M1544 in the County Court of El Paso County, Colorado. Docket No. 1 at 97. He is charged with, among other things, driving under the influence of alcohol in violation of Colo. Rev. Stat. § 42-4-1301(a), prohibited use of a weapon in violation of Colo. Rev. Stat. § 18-12-106(1)(d), and resisting arrest in violation of Colo. Rev. Stat. § 18-8-103. Docket No. 1-1 at 90. Each of these charges is a misdemeanor under Colorado law. Mr. Kaplan was arraigned on these charges on March 7, 2011. Docket No. 1 at 25.

    The court must construe the notice of removal liberally because Mr. Kaplan is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Nevertheless, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

## I. Procedural Requirements Under 28 U.S.C. § 1446

Mr. Kaplan seeks to remove his criminal action to this Court pursuant to 28 U.S.C. § 1446. He alleges that the state court does not have jurisdiction over the case and that this Court has jurisdiction based on federal question jurisdiction. Docket No. 1 at 11. However, § 1446 merely provides the procedures applicable in removal actions and does not provide the Court with jurisdiction to remove a criminal case from state court. *People of the State of Colorado v. Jackson*, Case No. 07-cr-000222-ZLW, 2007 WL 1548993, at *1 (D. Colo. May 24, 2007).

Section 1446 requires that any "notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1446 (c)(1). The thirty-day time limitation set forth in § 1446 (c)(1), like all removal statutes, must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Pritchett v. Office Depot, Inc.* 420 F.3d 1090, 1094-95 (10th Cir. 2005).

Given that Mr. Kaplan was arraigned on March 7, 2011, the thirty-day removal window has long since lapsed. Thus, Mr. Kaplan's notice of removal is untimely, and the record is devoid of any evidence to show good cause to grant Mr. Kaplan leave to amend his Notice of Removal.

## II. Removal Pursuant to 28 U.S.C. § 1443

Even if Mr. Kaplan had filed a timely notice of removal, the removal of this case would still be improper. Title 28 U.S.C. § 1443 authorizes the removal to federal court of certain civil rights cases. However, the two requirements for removal under §1443(1) are narrow and well-defined. A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. §1443(1) "must demonstrate both (1) that

he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton,* 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)).

With respect to the first prong, "it must appear . . . that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against discrimination is insufficient for removal." *Colorado v. Lopez,* 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219). Here, the defendant does not assert that the prosecution arose because of his race or national origin. On the contrary, the defendant alleges that the state court does not have jurisdiction because prosecution is precluded by a federal statute. Docket No. 1 at 11, ¶ 14. Because defendant failed to meet the first prong of § 1443(1), the Court need not address the second prong. *Miller v. Lambeth*, 443 F.3d 757, 762 (10th Cir. 2006).

Finally, removal pursuant to 28 U.S.C. § 1443(2) is also not appropriate in this action. Section 1443(2) allows a defendant to remove a case if he can show that he acted "under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." In the notice of removal, the defendant has not alleged that he is either a federal officer or a person assisting a federal officer in the performance of official duties; therefore, he also fails to satisfy the second prong of § 1443(2). *See City of Greenwood*, 384 U.S. at 824; *Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006).

In summary, the Notice of Removal is improper and this Court lacks subject matter jurisdiction over this case.

Accordingly, it is

**ORDERED** that this matter is summarily remanded to the County Court of El Paso County, Colorado, where it is filed as Case No. 2011M1544.

DATED August 12, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge